IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAR DEVELOPMENT, LLC,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 20-3783 |
| | : | |
| **MODERATE INCOME** | : | |
| **MANAGEMENT COMPANY &** | : | |
| **KINGSBURY CORPORATION &** | : | |
| **CHRIS RZECZKOWSKI,** | : | |
| *Defendants.* | : | |

# MEMORANDUM

Before the Court is Plaintiff's Motion to Transfer Venue to the District of New Jersey. ECF No. 11. Plaintiff initiated this lawsuit in the Court of Common Pleas of Philadelphia County. ECF No. 1-1. Defendants removed the action to this Court in the Eastern District of Pennsylvania based on diversity jurisdiction, stating that Defendant Moderate Income Management Company and Defendant Kingsbury Corporation are both New Jersey corporations with a principal place of business in New Jersey, Defendant Chris Rzeczkowski is a citizen of New Jersey, and the amount in controversy exceeds $75,000. ECF No. 1. After removal, Defendants filed a motion to dismiss for lack of personal jurisdiction, contending that this Court does not have general or specific personal jurisdiction over the Defendants, who are all New Jersey citizens, and who have not engaged in any activities related to this lawsuit in Pennsylvania. ECF No. 5.

Plaintiff responded to the motion to dismiss, stating, "Plaintiff generally concurs with the arguments regarding personal jurisdiction set forth in Defendant's brief for the purposes of this response, but suggests that the appropriate action of this Court should be to transfer jurisdiction to the United States District Court of New Jersey." ECF No. 10 at 1. Plaintiff then filed a motion to transfer venue pursuant to 28 U.S.C. 1404(a). ECF No. 11. In its Motion to Transfer Venue, Plaintiff states that "[a]ll activities related to the contract and unjust enrichment occurred in the State of New Jersey." *Id*. at 2. Plaintiff further reiterates that Defendants are all citizens of New Jersey and states that "transfer of this case to the District of New Jersey will not prejudice any party." *Id*.

In response, Defendants note that 28 U.S.C. § 1631 governs Plaintiff's request to transfer but this statute requires that the requested transfer be "in the interest of justice." ECF No. 13 at 1 (quoting 28 U.S.C. § 1631). Defendants note that the Third Circuit has held, "[i]f a plaintiff may, on its own, refile its case in a proper forum, 'the interests of justice' do not demand transfer." *Id*. (quoting *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 133 (3d Cir. 2020)). Defendants contend the Court should deny Plaintiff's Motion to Transfer Venue because "Plaintiff has offered no explanation as to why it cannot refile its case in the allegedly proper forum on its own." *Id*. at 1-2.

The relevant statute, 28 U.S.C. § 1631, titled "Transfer to cure want of jurisdiction," states that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . ."

"[A] district court that lacks personal jurisdiction must at least consider a transfer" under 28 U.S.C. § 1631. *Danziger*, 948 F.3d at 132; *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 224 (3d Cir. 2016) (noting that "want of jurisdiction" in 28 U.S.C. § 1631 encompasses a lack of personal jurisdiction). Furthermore, 28 U.S.C. § 1631 states that the Court "shall" transfer an action, if in the interest of justice. *Id.* (quoting 28 U.S.C. § 1631). "The district court does, however, have 'broad discretion' not to transfer." *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).

Both parties agree that this Court lacks personal jurisdiction over Defendants. ECF Nos. 5, 10. Therefore, the Court must determine whether it is "in the interest of justice" to transfer this matter to the District of New Jersey pursuant to 28 U.S.C. § 1631.

Here, both corporate Defendants are New Jersey corporations with a principal place of business in New Jersey. ECF No. 1 at 2. The individual

Defendant is a citizen of New Jersey. *Id.* Both parties agree that Plaintiff's claims arise out of activities that occurred in New Jersey. ECF No. 5 at 5; ECF No. 11 at 2. For these reasons, the Court finds that it is in the interest of justice to transfer this matter to the District of New Jersey pursuant to 28 U.S.C. § 1631.[1]

An appropriate order will follow.

**DATE: September 11, 2020**

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[1] Defendants' contention that the Court should dismiss this action instead of transfer it because "Plaintiff has offered no explanation as to why it cannot refile its case in the allegedly proper forum on its own" is unsupported by the Third Circuit's holding in *Danziger*. ECF No. 13. The Third Circuit in *Danziger* held that the District Court did not abuse its discretion by dismissing an action instead of considering transfer where the Plaintiff had admitted at oral argument that it could refile its case in a proper forum. 948 F.3d at 133. Even though Plaintiff has not stated whether it could refile its case in the District of New Jersey, the holding in *Danziger* does not require the Court to find that it is not in the interest of justice to transfer.